UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHANN M. CUTTI,

                Plaintiff,

-against-

SELIP & STYLIANOU, LLP,
MIDLAND CREDIT MANAGEMENT, INC.,

                Defendants.
------------------------------------------------------------X

Case No. 1:24-cv-5261 (JSR)

**ANSWER**

Defendant Selip & Stylianou, LLP ("S&S"), by its attorneys Kaufman Dolowich LLP, answers the allegations in the Complaint of Plaintiff Johann M. Cutti ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

1. Denies the allegations contained in paragraph "1" of the Complaint.

2. Denies the allegations contained in paragraph "2" of the Complaint.

## JURISDICTION AND VENUE

3. Paragraph "3" of the Complaint is a legal conclusion which requires no response.

4. Paragraph "4" of the Complaint is a legal conclusion which requires no response.

5. Paragraph "5" of the Complaint is a legal conclusion which requires no response.

## PARTIES

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint, except admits that Plaintiff is an individual.

7. Paragraph "7" of the Complaint is a legal conclusion which requires no response.

8. Admits the allegations contained in paragraph "8" of the Complaint.

9. Denies the allegations contained in paragraph "9" of the Complaint, except admits that S&S has engaged in debt collection on behalf of clients and is registered with the New York City Department of Consumer and Worker Protection.

10. Denies the allegations contained in paragraph "10" of the Complaint, except admits that S&S has filed lawsuits on behalf of clients seeking to collect debts and has enforced judgments entered in favor of its clients.

11. Denies the allegations contained on paragraph "11" of the Complaint.

12. Denies the allegations contained in paragraph "12" of the Complaint.

13. Paragraph "13" of the Complaint is a legal conclusion which requires no response.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20. Paragraph "20" of the Complaint is a legal conclusion which requires no response.

**STATUTORY FRAMEWORK**

21. Paragraph "21" of the Complaint is a legal conclusion which requires no response.

22. Paragraph "22" of the Complaint is a legal conclusion which requires no response.

23. Paragraph "23" of the Complaint is a legal conclusion which requires no response.

24. Paragraph "24" of the Complaint is a legal conclusion which requires no response.

25. Paragraph "25" of the Complaint is a legal conclusion which requires no response.

26. Paragraph "26" of the Complaint is a legal conclusion which requires no response.

27. Paragraph "27" of the Complaint is a legal conclusion which requires no response.

28. Paragraph "28" of the Complaint is a legal conclusion which requires no response.

29. Paragraph "29" of the Complaint is a legal conclusion which requires no response.

30. Paragraph "30" of the Complaint is a legal conclusion which requires no response.

31. Paragraph "31" of the Complaint is a legal conclusion which requires no response.

32. Paragraph "32" of the Complaint is a legal conclusion which requires no response.

33. Paragraph "33" of the Complaint is a legal conclusion which requires no response.

34. Paragraph "34" of the Complaint is a legal conclusion which requires no response.

35. Paragraph "35" of the Complaint is a legal conclusion which requires no response.

36. Paragraph "36" of the Complaint is a legal conclusion which requires no response.

37. Paragraph "37" of the Complaint is a legal conclusion which requires no response.

38. Paragraph "38" of the Complaint is a legal conclusion which requires no response.

39. Paragraph "39" of the Complaint is a legal conclusion which requires no response.

40. Paragraph "40" of the Complaint is a legal conclusion which requires no response.

41. Paragraph "41" of the Complaint is a legal conclusion which requires no response.

42. Paragraph "42" of the Complaint is a legal conclusion which requires no response.

43. Paragraph "43" of the Complaint is a legal conclusion which requires no response.

44. Paragraph "44" of the Complaint is a legal conclusion which requires no response.

45. Paragraph "45" of the Complaint is a legal conclusion which requires no response.

46. Paragraph "46" of the Complaint is a legal conclusion which requires no response.

## STATEMENT OF FACTS

47. Denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "47" of the Complaint.

48. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the Complaint.

49. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Complaint, except admits that Plaintiff filed for bankruptcy in 2010.

50. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint.

51. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Complaint.

52. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Complaint, except admits that Plaintiff changed his name to Johann M. Cutti in 2013.

53. Admits the allegations contained in paragraph "53" of the Complaint.

54. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Complaint.

55. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Complaint.

56. Denies the allegations contained in paragraph "56" of the Complaint, except admits that S&S filed the referenced action against Plaintiff (the "Civil Court Action") on behalf of its

client Midland Credit Management, Inc. ("Midland"), and refers Plaintiff to the summons and complaint in the Civil Court Action for its content.

57. Denies the allegations contained in paragraph "57" of the Complaint, except admits that the Civil Court Action summons and complaint were signed by S&S attorney Efstathios Georgiou.

58. Denies the allegations contained in paragraph "58" of the Complaint and refers the Court to the Civil Court Action complaint for its content.

59. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Complaint.

60. Admits the allegations contained in paragraph "60" of the Complaint.

61. Denies the allegations contained in paragraph "61" of the Complaint, except admits that the default judgment application contained documentation from the original creditor, and refers the Court to those documents for their content.

62. Denies the allegations contained in paragraph "62" of the Complaint, except admits that S&S attorney Joseph Ronaldo affirmed, based on the affidavit of service, that Plaintiff had been served with the Civil Court Action summons and complaint.

63. Admits the allegations contained in paragraph "63" of the Complaint.

64. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Complaint.

65. Admits the allegations contained in paragraph "65" of the Complaint.

66. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the Complaint.

67. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Complaint.

68. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" of the Complaint.

69. Denies the allegations contained in paragraph "69" of the Complaint, except admits that the Queens Civil Court entered a default judgment against Plaintiff in the amount of $4,085.35.

70. Denies the allegations contained in paragraph "70" of the Complaint, except admits that S&S mailed a copy of the judgment, notice of entry and a cover letter from S&S attorney Alicia Bursky-Stillman to Plaintiff at 9036 Francis Lewis Boulevard, Queens Village, NY 11428.

71. Denies the allegations contained in paragraph "71" of the Complaint, except admits that S&S issued an income execution against Plaintiff regarding the judgment in the Civil Court Action, and refers the Court to the income execution for its content.

72. Denies the allegations contained in paragraph "72" of the Complaint.

73. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "73" of the Complaint.

74. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Complaint, except admits upon information and belief that Plaintiff's wages were garnished pursuant to the Income Execution.

75. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Complaint, except admits upon information and belief that Plaintiff's wages were garnished pursuant to the Income Execution.

76. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" of the Complaint.

77. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "77" of the Complaint.

78. Denies the allegations contained in paragraph "78" of the Complaint.

79. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of the Complaint.

80. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Complaint.

81. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Complaint.

82. Denies the allegations contained in paragraph "82" of the Complaint.

83. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "83" of the Complaint.

84. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "84" of the Complaint.

85. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "85" of the Complaint.

86. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the Complaint.

87. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the Complaint.

88. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Complaint.

89. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "89" of the Complaint.

90. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Complaint.

91. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "91" of the Complaint.

92. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the Complaint.

93. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "93" of the Complaint.

94. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "94" of the Complaint.

95. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the Complaint.

96. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "96" of the Complaint.

97. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "97" of the Complaint.

98. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "98" of the Complaint.

99. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "99" of the Complaint.

100. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "100" of the Complaint.

101. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "101" of the Complaint.

102. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "102" of the Complaint.

103. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "103" of the Complaint.

104. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "104" of the Complaint.

105. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "105" of the Complaint.

106. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "106" of the Complaint.

107. Denies the allegations contained in paragraph "107" of the Complaint, except admits that Plaintiff called S&S on February 1, 2024, and refers the Court to the audio recording of that call for its content.

108. Denies the allegations contained in paragraph "108" of the Complaint, except admits that Plaintiff called S&S on February 1, 2024, and refers the Court to the audio recording of that call for its content.

109. Denies the allegations contained in paragraph "109" of the Complaint, except admits that Plaintiff called S&S on February 1, 2024, and refers the Court to the audio recording of that call for its content.

110. Denies the allegations contained in paragraph "110" of the Complaint, except admits that Plaintiff called S&S on February 1, 2024, and refers the Court to the audio recording of that call for its content.

111. Denies the allegations contained in paragraph "111" of the Complaint, except admits that Plaintiff called S&S on February 1, 2024, and refers the Court to the audio recording of that call for its content.

112. Denies the allegations contained in paragraph "112" of the Complaint, except admits that Plaintiff called S&S on February 1, 2024, and refers the Court to the audio recording of that call for its content.

113. Denies the allegations contained in paragraph "113" of the Complaint, except admits that S&S sent Plaintiff a letter with an enclosed payment ledger on February 2, 2024, and refers the Court to those documents for their content.

114. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "114" of the Complaint.

115. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "115" of the Complaint.

116. Denies the allegations contained in paragraph "116" of the Complaint.

117. Denies the allegations contained in paragraph "117" of the Complaint, except admits that Plaintiff sent S&S a letter by certified mail on February 14, 2024 and refers the Court to that letter for its content.

118. Denies the allegations contained in paragraph "118" of the Complaint, except admits that S&S sent Plaintiff a letter dated February 21, 2024, signed by S&S attorney Rolando C. Delacruz, and refers the Court to that letter for its content.

119. Denies the allegations contained in paragraph "119" of the Complaint, except admits that S&S sent Plaintiff a letter dated February 21, 2024 and refers the Court to that letter for its content.

120. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "120" of the Complaint.

121. Denies the allegations contained in paragraph "121" of the Complaint, except admits that S&S sent Plaintiff a letter dated February 21, 2024, with enclosed documents, and refers the Court to the enclosures for their content.

122. Denies the allegations contained in paragraph "122" of the Complaint.

123. Denies the allegations contained in paragraph "123" of the Complaint.

124. Denies the allegations contained in paragraph "124" of the Complaint, except admits that Plaintiff filed an order to show cause in the Civil Court Action on or about February 22, 2024, and refers the Court to Plaintiff's motion papers for their content.

125. Denies the allegations contained in paragraph "125" of the Complaint, except admits that Plaintiff filed an order to show cause in the Civil Court Action on or about February 22, 2024, and refers the Court to Plaintiff's motion papers for their content.

126. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "126" of the Complaint.

127. Admits the allegations contained in paragraph "127" of the Complaint.

128. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "128" of the Complaint.

129. Denies the allegations contained in paragraph "129" of the Complaint, except admits that S&S served opposition to Plaintiff's order to show cause on or about March 25, 2024, consisting of an affirmation from S&S attorney Christopher Pavlik, with exhibits, and refers the Court to the opposition papers for their content.

130. Denies the allegations contained in paragraph "130" of the Complaint, except admits that S&S served opposition to Plaintiff's order to show cause on or about March 25, 2024, consisting of an affirmation from S&S attorney Christopher Pavlik, with exhibits, and refers the Court to the opposition papers for their content.

131. Denies the allegations contained in paragraph "131" of the Complaint, except admits that S&S served opposition to Plaintiff's order to show cause on or about March 25, 2024, consisting of an affirmation from S&S attorney Christopher Pavlik, with exhibits, and refers the Court to the opposition papers for their content.

132. Denies the allegations contained in paragraph "132" of the Complaint.

133. Denies the allegations contained in paragraph "133" of the Complaint.

134. Denies the allegations contained in paragraph "134" of the Complaint.

135. Denies the allegations contained in paragraph "135" of the Complaint, except admits that S&S served a motion to vacate the judgment and dismiss the Civil Court Action on or about April 4, 2024 (the "Midland Motion"), and refers the Court to the Midland Motion for its content.

136. Denies the allegations contained in paragraph "136" of the Complaint, except admits that S&S sent Plaintiff a letter with the Midland Motion, and refers the Court to that letter for its content.

137. Denies the allegations contained in paragraph "137" of the Complaint, except admits that S&S served the Midland Motion on or about April 4, 2024, and refers the Court to the Midland Motion for its content.

138. Denies the allegations contained in paragraph "138" of the Complaint, except admits that S&S served the Midland Motion on or about April 4, 2024, and refers the Court to the Midland Motion for its content.

139. Denies the allegations contained in paragraph "139" of the Complaint, except admits that S&S served the Midland Motion on or about April 4, 2024, and refers the Court to the Midland Motion for its content.

140. Denies the allegations contained in paragraph "140" of the Complaint.

141. Denies the allegations contained in paragraph "141" of the Complaint, except admits that Plaintiff served partial opposition to the Midland Motion, and refers the Court to Plaintiff's partial opposition for its content.

142. Denies the allegations contained in paragraph "142" of the Complaint, except admits that Plaintiff served partial opposition to the Midland Motion, and refers the Court to Plaintiff's partial opposition for its content.

143. Denies the allegations contained in paragraph "143" of the Complaint, except admits that the Midland Motion was returnable on May 3, 2024.

144. Denies the allegations contained in paragraph "144" of the Complaint.

145. Denies the allegations contained in paragraph "145" of the Complaint.

146. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "146" of the Complaint.

147. Denies the allegations contained in paragraph "147" of the Complaint, except admits that Plaintiff called S&S in May 2024 and refers the Court to the audio recordings of those calls for their content.

148. Denies the allegations contained in paragraph "148" of the Complaint, except admits that Plaintiff called S&S in May 2024 and refers the Court to the audio recordings of those calls for their content.

149. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "149" of the Complaint.

150. Denies the allegations contained in paragraph "150" of the Complaint, except admits that the refund check was payable to Luis E. Cutti.

151. Denies the allegations contained in paragraph "151" of the Complaint.

152. Denies the allegations contained in paragraph "152" of the Complaint.

153. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "153" of the Complaint, except admits that Mary McCune of Manhattan Legal Services emailed S&S on June 10, 2024 and refers the Court to that email for its content.

154. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "154" of the Complaint.

155. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "155" of the Complaint, except admits that S&S has filed lawsuits in New York and New Jersey that concern the collection of debts.

156. Admits the allegations contained in paragraph "156" of the Complaint.

157. Denies the allegations contained in paragraph "157" of the Complaint.

158. Denies the allegations contained in paragraph "158" of the Complaint.

159. Denies the allegations contained in paragraph "159" of the Complaint.

160. Denies the allegations contained in paragraph "160" of the Complaint.

161. Denies the allegations contained in paragraph "161" of the Complaint.

162. Denies the allegations contained in paragraph "162" of the Complaint.

163. Denies the allegations contained in paragraph "163" of the Complaint.

164. Denies the allegations contained in paragraph "164" of the Complaint.

165. Denies the allegations contained in paragraph "165" of the Complaint.

166. Denies the allegations contained in paragraph "166" of the Complaint.

167. Denies the allegations contained in paragraph "167" of the Complaint.

168. Denies the allegations contained in paragraph "168" of the Complaint.

169. Denies the allegations contained in paragraph "169" of the Complaint.

170. Denies having knowledge or information as to the truth of the allegations contained in paragraph "170" of the Complaint.

171. Denies having knowledge or information as to the truth of the allegations contained in paragraph "171" of the Complaint.

172. Denies having knowledge or information as to the truth of the allegations contained in paragraph "172" of the Complaint.

173. Denies the allegations contained in paragraph "173" of the Complaint.

174. Denies having knowledge or information as to the truth of the allegations contained in paragraph "174" of the Complaint.

175. Denies having knowledge or information as to the truth of the allegations contained in paragraph "175" of the Complaint.

**ANSWERING THE FIRST CAUSE OF ACTION**
**Violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692f**
**(Against all Defendants)**

176. In response to the allegations contained in paragraph "176" of the Complaint, S&S repeats its responses to paragraphs "1" through "175" of the Complaint as is fully set forth herein.

177. Paragraph "177" of the Complaint is a legal conclusion which requires no response.

178. Denies the allegations contained in paragraph "178" of the Complaint.

179. Denies the allegations contained in paragraph "179" of the Complaint.

180. Denies the allegations contained in paragraph "180" of the Complaint.

181. Denies the allegations contained in paragraph "181" of the Complaint.

182. Denies the allegations contained in paragraph "182" of the Complaint.

183. Denies the allegations contained in paragraph "183" of the Complaint.

184. Denies the allegations contained in paragraph "184" of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION
### Violation of N.Y. Gen. Bus. L. § 349
### (Against all Defendants)

185. In response to the allegations contained in paragraph "185" of the Complaint, S&S repeats its responses to paragraphs "1" through "184" of the Complaint as is fully set forth herein.

186. Denies the allegations contained in paragraph "186" of the Complaint.

187. Denies the allegations contained in paragraph "187" of the Complaint.

188. Denies the allegations contained in paragraph "188" of the Complaint.

189. Denies the allegations contained in paragraph "189" of the Complaint.

190. Denies the allegations contained in paragraph "190" of the Complaint.

191. Denies the allegations contained in paragraph "191" of the Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION
### Violations of Judiciary Law § 487
### (Against Defendant Selip & Stylianou, LLP)

192. In response to the allegations contained in paragraph "192" of the Complaint, K&P repeats its responses to paragraphs "1" through "191" of the Complaint as is fully set forth herein.

193. Denies the allegations contained in paragraph "193" of the Complaint.

194. Denies the allegations contained in paragraph "194" of the Complaint.

195. Denies the allegations contained in paragraph "195" of the Complaint.

### ANSWERING RHE FOURTH CAUSE OF ACTION
### Negligence Per Se
### (Against all Defendants)

196. In response to the allegations contained in paragraph "196" of the Complaint, S&S repeats its responses to paragraphs "1" through "195" of the Complaint as is fully set forth herein.

197. Paragraph "197" of the Complaint is a legal conclusion which requires no response.

198. Paragraph "198" of the Complaint is a legal conclusion which requires no response.

199. Denies the allegations contained in paragraph "199" of the Complaint.

200. Denies the allegations contained in paragraph "200" of the Complaint.

201. Denies the allegations contained in paragraph "201" of the Complaint.

202. Denies the allegations contained in paragraph "202" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

203. Plaintiff has not suffered a concrete injury in fact sufficient to confer standing.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

204. Plaintiff has failed to state a claim upon which relief may be granted against S&S.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

205. Plaintiff's claims against S&S are barred under the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

206. Plaintiff's claims against S&S are barred under the doctrine of waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

207. Plaintiff's claims against S&S are barred under the doctrine of estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

208. Plaintiff's claims against S&S are barred under the doctrine of unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

209. Any alleged violation of the FDCPA by S&S resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

210. To the extent Plaintiff has suffered damages, such damages were proximately caused by Plaintiff's own culpable conduct, without any fault on the part of the S&S.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

211. To the extent Plaintiff has suffered damages, such damages were proximately caused by the acts or omissions of third persons or entities over whom S&S exercised no control.

**WHEREFORE**, S&S respectfully pray for judgment as follows:

a. Dismissing the Complaint with prejudice; and

b. Granting S&S such other and further relief as this Court deems just, equitable and proper.

Dated: Woodbury, New York
September 17, 2024

By: _____

**KAUFMAN DOLOWICH LLP**

Brett A. Scher, Esq.
Adam M. Marshall, Esq.
*Attorneys for Defendant*
*Selip & Stylianou, LLP*
135 Crossways Park Dr., Suite 201
Woodbury, New York 11797
(516) 681-1100
bscher@kaufmandolowich.com
amarshall@kaufmandolowich.com

To: Mary McCune, Esq.
Caitlin S. Goldman, Esq.
Manhattan Legal Services
*Attorneys for Plaintiff*
1 W. 125th St., 2nd Floor
New York, NY 10027
(646) 442-3143
mmcune@lsnyc.org
cgoldman@lsnyc.org
(Via ECF)

Han Sheng Beh, Esq.
Hinshaw & Culbertson LLP
*Attorneys for Defendant*
*Midland Credit Management, Inc.*
800 Third Avenue, 13th Floor
New York, NY 10022
(212) 471-6238
hbeh@hinshawlaw.com
(Via ECF)